831 F.2d 306
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Alfonso J. RAMOS, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 Appeal No. 87-3367
 United States Court of Appeals, Federal Circuit.
 September 11, 1987.
 
 Before MARKEY, Chief Judge, and FRIEDMAN and NIES, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Alfonso J. Ramos seeks review of the final decision of the Merit Systems Protection Board, Docket No. SE08318610265, dismissing Ramos' appeal as untimely filed. We affirm.
 
 OPINION
 
 2
 Ramos, a Philippine national, seeks a civil service annuity under the Civil Service Retirement Act, 5 U.S.C. Sec. 8338 et seq. (1982), based on asserted employment with the government of the United States at various times between 1938 and 1947. On May 11, 1976, the Office of Personnel Management decided that Ramos was not entitled to an annuity benefit because in 1952 he had applied for and received a refund of the deductions from his pay (amounting to approximately $50) which terminated any possible annuity rights. 5 U.S.C. Sec. 8342 (1982). In 1981, Ramos requested reconsideration. On April 30, 1982, OPM affirmed its earlier decision and specifically informed Ramos of his right to appeal that decision to the MSPB.
 
 
 3
 Ramos did not appeal to the board. Instead, he filed a complaint in the Claims Court on July 18, 1985, claiming that his signature was forged on the refund application. That court dismissed Ramos's complaint without prejudice, holding that it lacked jurisdiction and that the MSPB had jurisdiction to review the OPM decision. On May 19, 1986, Ramos appealed the OPM's decision to the board. The Administrative Judge (AJ) found that appeal untimely by almost four years and dismissed it, citing 5 C.F.R. Sec. 1201.22(b) (1986) (must file appeal with board within 20 days of effective date of agency action). The AJ ruled that the two excuses for the delay asserted by Ramos, namely the time taken by his Claims Court suit and the failure of his representative to act diligently, did not constitute good cause for his untimely filing. The full board denied Ramos's petition for review.
 
 
 4
 We understand Ramos to argue that the Claims Court order dismissing his complaint was, in effect, an order to the MSPB to hear the case. That is not correct. The Claims Court had no power to direct such an action by the board. The words 'without prejudice' in the order simply mean that the Court's order was not a ruling on the merits.
 
 
 5
 The MSPB has exclusive jurisdiction to review the 1982 decision of OPM. Ramos was fully informed that he had to seek review by the MSPB within 20 days. He offered no reasonable justification for a four-year delay. Further, the forgery issue which Ramos seeks to raise does not appear to have been presented to OPM. Thus, there is no OPM decision for the MSPB to review on that issue.
 
 
 6
 Having considered all of Ramos's arguments, we affirm the decision of the MSPB.